IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
NOV 5 2008
Phil Lombardi, Clerk
U.S. DISTRICT COURT

LEE HARRIS,

    Plaintiff,

vs.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.

**08 CV - 649 CVE   FHM**

ATTORNEY LIEN CLAIMED

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, Lee Harris, through his attorneys of record, Daniel E. Smolen and Donald E. Smolen, II, of *Smolen & Smolen P.L.L.C*, and brings this action against the Defendant, NCO Financial Systems Inc., for violations of his constitutionally protected rights arising out of his employment and termination by said Defendant.

### NATURE OF THE ACTION

The is an action for damages and to secure protection of and to redress deprivation of rights secured by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1), hereafter ("ADEA"), and 42 U.S.C §2000e et seq. ("Title VII") providing for relief from a hostile work environment on the basis of age. Plaintiff brings this action to correct unlawful employment practices on the basis of age and to make whole Lee Harris as a result of such unlawful practices.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Oklahoma and resides in Tulsa County, Oklahoma.

2. Defendant NCO Financial Systems, Inc. conducts business in the State of Oklahoma, located in Tulsa, Oklahoma and regularly employs more than fifteen (15) people.



The unlawful employment practices alleged below were committed within Tulsa County, Oklahoma.

3. This action lies properly in the Northern District of Oklahoma pursuant to 28 U.S.C §1391(b) as the unlawful employment practices complained of herein occurred within the Northern District of Oklahoma and because Defendant conducts regular business in the Northern District of Oklahoma.

4. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

5. At all relevant times, the Defendant has continuously been and is now a covered employer within the meaning of 29 U.S.C. § 623(a)(1) of the ADEA.

6. This Court has jurisdiction and venue is proper in Northern District of Oklahoma.

**FACTS COMMON TO ALL CLAIMS**

7. Paragraphs 1-6 are incorporated herein by reference.

8. Plaintiff, Lee Harris, is a fifty-four-year-old male.

9. The Plaintiff had been an employee of the Defendant since on or around February 2001.

10. During his employment with Defendant, Plaintiff was not given the opportunities that younger employees were given with regard to receiving new accounts.

11. Plaintiff complained to his manager, Marianne Smith, asking the reason he was not being given new accounts and was told it was due to his old age and he could not learn as fast as his younger coworkers.

12. Plaintiff also complained to a different supervisor, Shelly Vandenburg, and nothing was done.

13. Plaintiff has been discriminated against in violation of the Age Discrimination in Employment Act of 1967, as amended, because of his age, fifty-four years.

14. More than thirty (30) days prior to the institution of this lawsuit, the Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging violations of the Age Discrimination in Employment Act of 1967 (ADEA) by the Defendant.

15. On August 8, 2008, Plaintiff received a Right to Sue Letter. All conditions precedent to the filing of this lawsuit have been fulfilled.

## FIRST CLAIM FOR RELIEF
### (DISCRIMINATION BASED ON AGE (ADEA))

16. Paragraphs 1-15 are incorporated herein by reference.

17. By treating Plaintiff differently than less qualified employees under the age of forty (40) years, the Defendant has violated the Age Discrimination Act of 1967.

18. The effect of the practices complained above has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

19. The unlawful employment practices complained of were and are intentional.

20. The Defendant at all relevant times has acted with malice or reckless indifference to the federally protected rights of the Plaintiff, in violation of the ADEA, 29 U.S.C. § 623(a)(1).

## SECOND CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

21. Paragraphs 1-20 are incorporated herein by reference.

22. Towards the end of his employment with Defendant, accounts were being awarded to younger, less-experienced employees.

23. When Plaintiff complained of these actions to his supervisors, no action was taken to remedy the situation. Further, his complaints were made public to his coworkers making his presence at work unbearable.

24. On or about February 2007, Plaintiff was constructively discharged from his employment.

25. By subjecting Plaintiff to retaliatory harassment and denying him employment in retaliation for his participation in protected activity as defined under Title VII, the Defendant has violated 42 U.S.C. §2000e-3(a).

26. As a result of this wrongful termination, Plaintiff has suffered considerable damages including, but limited to, loss of medical benefits, loss wages and other actual damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (PUNITIVE DAMAGES)

27. Paragraphs 1-26 are incorporated herein by reference.

28. Defendant, acted in reckless disregard of the rights of Lee Harris and all employees of the County.

29. This conduct was carried out with full knowledge where the Defendant knew, or should have known, of the severe adverse consequences of their actions upon Plaintiff and all other employees of the Defendant.

30. Such conduct was not only detrimental to Plaintiff but is detrimental to the public in general, and punitive damages are appropriate under Okla. Stat. tit. 85 § 6.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, appropriate loss earnings and insurance premiums, with pre-judgment interest, and compensation for past and future pecuniary losses, including out-of-pocket losses suffered by Plaintiff because of the unlawful discrimination, in an amount to be determined at trial. Plaintiff also requests this Court order Defendant to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial. Finally, Plaintiff requests this Court grant reasonable attorney's fees and such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

SMOLEN & SMOLEN, PLLC

Daniel E. Smolen (OBA#19943)
Donald E. Smolen, II (OBA#19944)
320 South Boston Avenue, Ste. 1125
Tulsa, OK 74103
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff